JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jose Rodriguez ("defendant"), appeals from his sentence received in the Cuyahoga County Common Pleas Court. Defendant argues that in light of a recent Ohio Supreme Court decision, he is entitled to be resentenced under the current interpretations of Ohio's sentencing laws. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On November 15, 2005, a Cuyahoga County Grand Jury returned a two-count indictment, charging defendant with forgery and tampering with records.
 {¶ 3} On January 10, 2006, defendant pled guilty to tampering with records and the forgery charge was nolled.
 {¶ 4} On February 10, 2006, the trial court sentenced defendant to the minimum term of one year of incarceration.
 {¶ 5} Defendant appeals and raises one assignment of error for our review, which states:
 {¶ 6} "I. The trial court committed prejudicial error when [it] sentenced defendant to a term of incarceration without setting forth in the record the statutorily mandated findings."
 {¶ 7} In his sole assignment of error, defendant argues that because of the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, he is entitled to a new sentencing hearing.
 {¶ 8} In Foster, the Ohio Supreme Court held that judicial findings are unconstitutional and that several provisions of Senate Bill 2 are unconstitutional. Id. The court concluded that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id.
 {¶ 9} Here, the trial court imposed the minimum sentence. Accordingly, defendant's sentence does not involve those provisions of Ohio's sentencing scheme deemed unconstitutional by the Supreme Court's decision in Foster.
Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court
of Common Pleas to carry this judgment into execution. The defendant's conviction
having been affirmed, any bail pending appeal is terminated. Case remanded to the
trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
SEAN C. GALLAGHER, J., CONCURS MICHAEL J. CORRIGAN, J.*, CONCURS IN JUDGMENT ONLY
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.)